IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darryl K. Sturkin, | ) | C/A No. 0:17-3182-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the court for the third time—and after six hearings before administrative law judges—pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, Darryl K. Sturkin, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court reverses the decision of the Commissioner and remands the matter to the agency with instructions to award benefits.

**SOCIAL SECURITY DISABILITY GENERALLY**

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also

Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



# ADMINISTRATIVE PROCEEDINGS

In June 2007, Sturkin applied for DIB, alleging disability beginning April 15, 2005. Sturkin's application was denied initially and upon reconsideration, and he requested a hearing before an ALJ. A hearing was held via video conference on October 8, 2009, at which Sturkin, who was represented by Christi B. McDaniel, Esquire, appeared and testified. The ALJ issued a decision on November 18, 2009 finding that Sturkin was not disabled. (Tr. 84-91.)

The Appeals Council granted Sturkin's request for review and issued an Order on March 22, 2010 vacating the hearing decision and remanding the case for further proceedings.

A second hearing was held via video conference on August 18, 2010, at which Sturkin appeared and testified. Sturkin continued to be represented by Christi B. McDaniel, Esquire. The ALJ issued a decision on September 23, 2010 finding that Sturkin was disabled during the closed period from April 15, 2005 to March 28, 2007, with medical improvement thereafter. (Tr. 11-22.) The Appeals Council denied Sturkin's request for review, and Sturkin appealed to the United States District Court.

In December 2010, during the pendency of his appeal, Sturkin filed a new claim for DIB, alleging disability beginning September 24, 2010. Sturkin's new application was denied initially, upon reconsideration, and following a hearing before an ALJ in an opinion issued July 9, 2012. (Tr. 1004-14.) On August 21, 2012, upon motion of the Commissioner and with consent of Sturkin's counsel, the district court vacated the ALJ's September 23, 2010 decision and remanded Sturkin's claim for further consideration. (Tr. 1019.) Specifically, this matter was remanded for a *de novo* hearing and new decision regarding Sturkin's eligibility for disability benefits, and the court ordered the Appeals Council to instruct the ALJ to:

PJG

> (1) reevaluate the opinion of Dr. Triana, and explain the reasons for the weight accorded to the opinion, with specific references to the medical evidence of record; (2) further consider Plaintiff's residual functional capacity on the updated record, citing specific evidence in support of the assessed limitations; and (3) obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the occupational base, ensuring that such testimony is consistent with the vocational classifications contained in the Dictionary of Occupational Titles[.]

(Id.) The Appeals Council issued an Order on October 17, 2012 associating Sturkin's two claims and remanding the matter for further consideration. (Tr. 1022-24.)

A hearing was held on November 21, 2013 at which Sturkin appeared and testified and continued to be represented by Christi B. McDaniel, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision on February 18, 2014 finding that Sturkin was disabled during the closed period from April 15, 2005 to March 28, 2007, with medical improvement thereafter. (Tr. 907-22.) The Appeals Council denied Sturkin's request for review, and Sturkin appealed to the United States District Court. On September 14, 2015, in light of Bird v. Commissioner of Social Security, 699 F.3d 337 (4th Cir. 2012), the district court reversed the ALJ's February 18, 2014 decision and remanded Sturkin's claim for further consideration of the evidence immediately surrounding and after Sturkin's date last insured. (Tr. 1495-1505.)

Following remand by the Appeal Council to the ALJ (Tr. 1508), a hearing was held on May 4, 2017 at which Sturkin appeared and testified and continued to be represented by Christi B. McDaniel, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision on September 20, 2017 finding that Sturkin was disabled during the closed period from April 15, 2005 to March 28, 2007, with medical improvement thereafter. (Tr. 1377-96.)

Sturkin was born in 1959 and was forty-five years old on his alleged disability onset date. (Tr. 184.) He has a high school education and has past relevant work experience as a service

operator at a paper mill, and a security guard. (Tr. 200, 205.) Sturkin alleged disability due to back and neck problems, high blood pressure, acid reflux, and depression. (Tr. 199.)

In applying the five-step sequential process, the ALJ found that Sturkin had not engaged in substantial gainful activity since April 15, 2005—the date Sturkin became disabled. The ALJ also determined that from April 15, 2005 through March 28, 2007—the period during which Sturkin was under a disability—Sturkin's degenerative disc disease of the cervical and lumbar spine with a history of fusion and discectomy, degenerative joint disease of the left shoulder with partial tendon and rotator cuff tears, and high blood pressure were severe impairments. However, the ALJ found that, from April 15, 2005 through March 28, 2007, Sturkin did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that, from April 15, 2005 through March 28, 2007, Sturkin had the residual functional capacity to

> perform a range of sedentary work as defined in 20 CFR 404.1567(a). Specifically, the claimant was able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk for 2 hours in an 8-hour day. The claimant was unable to climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs and reach overhead with the left arm; was unable to stoop, kneel, crouch, or crawl; and could not maintain attention and concentration sufficient to perform even unskilled work on a sustained basis for a full 8-hour work day and 40 hour work week due to pain and side effects of medication.

(Tr. 1384.) The ALJ found that, from April 15, 2005 through March 2007, Sturkin was unable to perform any past relevant work, and that considering Sturkin's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that Sturkin could perform from April 15, 2005 through March 28, 2007. Therefore, the ALJ found that Sturkin was disabled from April 15, 2005 through March 28, 2007.

*PJG*

However, the ALJ found that medical improvement occurred as of March 29, 2007—the date Sturkin's disability ended—and that this medical improvement was related to Sturkin's ability to work because there had been an increase in Sturkin's residual functional capacity.[2] The ALJ found that, beginning March 29, 2007, and through the date last insured of June 30, 2012, Sturkin retained the residual functional capacity to

> perform a range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant was able to lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for 6 hours each in an 8-hour day. The claimant was unable to climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and reach overhead with the left arm; and could frequently balance.

(Tr. 1388.) The ALJ found that, as of March 29, 2007 and through the date last insured, Sturkin remained unable to perform any past relevant work, but that considering Sturkin's age, education, work experience, and residual functional capacity, beginning March 29, 2007 there were jobs that existed in significant numbers in the national economy that Sturkin could perform.[3] Therefore, the ALJ found that Sturkin's disability ended on March 29, 2007.

Thereafter, Sturkin again appealed the ALJ's decision to the district court.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig

---

[2] The ALJ found that Sturkin had not developed any new impairment or impairments since March 29, 2007; accordingly, Sturkin's severe impairments since March 29, 2007 were the same as those present from April 15, 2005 through March 29, 2007.

[3] The ALJ also noted that, since March 29, 2007, Sturkin's age category changed to that of an individual closely approaching advanced age.



v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## DISCUSSION[4]

As detailed above, this case has a lengthy history with numerous hearings and two prior appeals to this court. There is no dispute that Sturkin suffers from several severe impairments that limit his capacity to perform gainful work. The ALJ has awarded Sturkin a closed period of disability benefits (April 15, 2005 through March 28, 2007); thus, the question before the court is

---

[4] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017. However, these changes specifically state that they are applicable to claims filed *on or after* March 27, 2017. See, e.g., 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed prior to that date, all references in the instant Report and Recommendation are to the prior versions of the regulations which were in effect at the time Sturkin's application for benefits was filed, unless otherwise specified.



whether the ALJ's decision that Sturkin experienced medical improvement and an increased residual functional capacity beginning on March 29, 2007 such that he was able to engage in substantial gainful activity is supported by substantial evidence and through a correct application of the law. The court concludes that it is not. Specifically, the court agrees with Sturkin that the ALJ erred in evaluating the opinion evidence from Dr. Mark Triana, Sturkin's treating orthopedist.

The law applicable to Sturkin's applications provides that regardless of the source, the Commissioner will evaluate every medical opinion received. 20 C.F.R. § 404.1527(c). Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See id. However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Instead, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). Any other factors that may support or contradict the opinion should also be considered. 20 C.F.R. § 404.1527(c)(6). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id. (quoting Craig, 76 F.3d at 590).

PJG

Here, Sturkin's challenge focuses on the ALJ's evaluation of one of the opinions of Dr. Triana from 2009. The critical differences between the ALJ's residual functional capacity assessment and Dr. Triana's opinions concern Sturkin's exertional limitations. Specifically, Dr. Triana has repeatedly opined that Sturkin is restricted from overhead reaching with his left arm, and in 2009 and in 2012 opined that Sturkin is restricted from heavy lifting greater than ten pounds with his left arm or on an intermittent basis. During the period at issue, the ALJ found that Sturkin retained the ability to "lift and carry up to 20 pounds occasionally and 10 pounds frequently" and could occasionally reach overhead with the left arm.

After discussing Sturkin's testimony and the applicable medical evidence, the ALJ's decision reflects the following evaluation of Dr. Triana's opinions:

> Dr. Mark Triana, the claimant's treating orthopedist, has offered several opinions regarding the claimant's functional limitations. On March 28, 2007, Dr. Triana found that the claimant was permanently restricted from any lifting, pushing, or pulling of greater than 10 to 20 pounds[;] overhead reaching[;] or bending to his low waist on a repetitive basis. The claimant was additionally limited from exposure to vibrating equipment or sitting, standing, or walking for long periods greater than 30 minutes at a time. Dr. Triana indicated that work of a more sedentary nature was possible. In June 2009, Dr. Triana restricted the claimant from overhead work, crawling, climbing, or heavy lifting greater than 10 pounds with his left arm or on an intermittent basis. Dr. Triana said that he would keep to the same restrictions for the claimant's back but no further explanation was offered. See also Exhibit 10F, Exhibit 11F, and Exhibit 34F. In June 2012, Dr. Triana reported that the claimant suffered from left shoulder bursitis impingement and was limited to no overhead work, crawling, climbing, or heavy lifting and was limited to pushing pulling no more than 10 pounds with his left arm on an intermittent basis. Dr. Triana also stated the claimant could not perform repetitive bending at the waist. See Exhibit 42F.
>
> Following a thorough review of the evidence of record, the undersigned finds that these restrictions, beyond that of a capacity for light work as described above, are overly restrictive and are not supported by the weight of the evidence of record, including Dr. Triana's own treatment notes. Medical records document significant improvement in the claimant's back condition following surgery. While the claimant was initially unable to undergo left shoulder surgery due to intubation problems,

Page 9 of 14

PJG

> medical records indicate that this condition was generally controlled with the occasional use of shoulder injections and medication and the claimant declined left shoulder surgery until after his date last insured. Findings upon examination following March 28, 20[]17 and through the time period surrounding the claimant's date last insured were generally less than significant with the claimant retaining generally intact strength and sensation with limited findings upon range of motion testing. Of note, Dr. Triana's own medical records indicate that in March 2012, the claimant was doing fairly well with treatment as prescribed. See Exhibit 43F.

(Tr. 1393-94.)

Upon thorough review of the ALJ's decision, the record, and the parties' briefs, the court finds that Sturkin has demonstrated that the ALJ's evaluation of Dr. Triana's opinion was unsupported by substantial evidence and is based on an incorrect application of the law. See 20 C.F.R. § 404.1527(c); cf. Mastro, 270 F.3d at 178 (stating that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight") (internal quotation marks and citation omitted); Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion[.]") (internal citations omitted). In this case, the selected records and evidence cited by the ALJ simply do not render the treating orthopedist's restrictions unsupported in light of the record as a whole. Statements that Sturkin's condition was "tolerable with conservative care"; that he was doing "fairly well" with an occasional injection and medication; and that he "declined to undergo left shoulder surgery, stating that he did not want to chance any more surgery especially

since he received fairly good relief with occasional subacromial injections"[5] do not render the treating specialist's repeated opinions of limitations in lifting and overhead reaching unsupported by his treatment notes. (Tr. 1391.) This is especially so considering that Sturkin attempted surgery on his left shoulder in February 2009 for an "arthroscopic evaluation decompression of his anterior hook of his acromion and repair if need [] of his supraspinatus attachment" (Tr. 888); that the note indicating a near complete range of motion also indicated it was somewhat painful; that the record reflected continued reports of problems with his left shoulder and reduction in relief from the injections; Dr. Triana's findings that Sturkin was not getting long term relief from the conservative care but suggesting that Sturkin needs to address his other medical problems before proceeding with shoulder surgery; and Sturkin's ultimate election for surgery again despite his prior complications. Thus, the ALJ appears to have cherrypicked some of this evidence, contrary to his obligation to consider all relevant evidence when evaluating Dr. Triana's opinions. See Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.") (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)). Moreover, the only contrary opinion evidence cited by the ALJ were the opinions of the state agency record reviewers who had not examined Sturkin and whose opinions pre-dated much of the additional evidence in this matter, including the 2009 and 2012 opinions from Dr. Triana. Further, the court observes that no medical opinion evidence in the record suggests that Sturkin can perform overhead reaching, even occasionally.

---

[5] The treatment note actually stated that Sturkin "is not interested in chancing anymore surgery, especially if he gets fairly good relief with subacromial injection from time to time." (Tr. 896.)



Based on the foregoing, the ALJ has failed to offer persuasive contrary evidence or evidence that Dr. Triana's opinions were not supported by clinical evidence or were inconsistent with other substantial evidence. See Mastro, 270 F.3d at 178. Consideration of the remaining factors also favors Dr. Triana's opinions as he is a specialist with a long-term treatment relationship with Sturkin. See 20 C.F.R. § 404.1527(c). Therefore, the ALJ erred in according less than controlling weight to Dr. Triana's opinion, see Mastro, 270 F.3d at 178, and there is not substantial evidence to support the finding of the ALJ that Sturkin can perform light work and may occasionally perform overhead reaching with his left arm.

Properly crediting Dr. Triana's opinions under Mastro shows that Sturkin retained the residual functional capacity to perform a reduced range of sedentary work as defined in 20 C.F.R. § 404.1567(a), and such a limitation renders Sturkin disabled under the Medical-Vocational Guidelines (the "Grids") as of Sturkin's fiftieth birthday in December 2009. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.14. However, the Grids do not conclusively establish that Sturkin would be disabled from March 29, 2007 through the day before his fiftieth birthday in December 2009. Moreover, there is no vocational expert testimony in the record with the above-established limitations that would conclusively establish disability during that period.

Although the court generally remands decisions to the Commissioner for further administrative action, the court has the authority to award benefits. 42 U.S.C. § 405(g). Such an award is proper where the record is fully developed and it is clear the Commissioner would be required to award benefits on remand. See Crider v. Harris, 624 F.2d 15 (4th Cir. 1980) (finding remand for an award of benefits was warranted where the individual's entitlement to benefits was "wholly established" on the state of the record); see also Evans v. Heckler, 734 F.2d 1012, 1015 (4th

PJG

Cir. 1984) (reversing, rather than remanding, where "the medical evidence overwhelmingly supports the claimant's position that he is unable to work and there is insubstantial evidence in support of the ALJ's conclusions that [claimant's] disabilities are 'not severe' "); Breeden v. Weinberger, 493 F.2d 1002, 1011-12 (4th Cir. 1974) (finding "it appropriate to reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose"); cf. Radford v. Colvin, 734 F.3d 288, 294-95 (4th Cir. 2013) ("Although we hold that the district court did not apply the wrong legal standard, we nonetheless vacate its judgment because it chose the wrong remedy: Rather than 'reversing' the ALJ and remanding with instructions to award benefits to Radford, the district court should have vacated and remanded with instructions for the ALJ to clarify why Radford did not satisfy Listing 1.04A."). In light of the foregoing, the court first finds that this matter should be reversed and remanded for an award of benefits from the date Sturkin's fiftieth birthday. In further support of this decision, the court notes that the administrative process for this claim has exceeded ten years and further delay is not warranted. As stated above, there is not substantial evidence in the record to support the Commissioner's findings that Sturkin can perform light work or can occasionally perform overhead reaching with his left arm and as of Sturkin's fiftieth birthday a finding of disability is directed under the Grids.

However, with regard to the period beginning March 29, 2007 through the day before Sturkin's fiftieth birthday in December 2009, the record does not wholly establish that a finding of disability. Therefore, the court is constrained to remand this matter a final time, solely for the purpose of obtaining vocational expert testimony regarding whether there were significant jobs in the national economy which Sturkin could have performed. Properly crediting Dr. Triana's opinions

establishes that in addition to the limitations found by the ALJ, Sturkin is further limited to sedentary work with no overhead reaching. A vocational expert has not been presented with a hypothetical question that includes these established limitations.

**ORDER**

Based on the foregoing, it is hereby

**ORDERED** that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner with instructions to award benefits from Sturkin's fiftieth birthday.[6] This matter is further remanded for the Commissioner solely to obtain expert testimony as to whether significant jobs exist in the national economy that Sturkin could perform based on the above additional limitations. Due to the lengthy history of this matter, the court finds this determination should be completed within sixty days.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 17, 2019
Columbia, South Carolina

---

[6] As indicated above, the ALJ has already found that Sturkin was entitled to benefits from his alleged onset date, April 15, 2005 through March 28, 2007.